UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60969-CIV-DIMITROULEAS

MARK J. BISCHOFF,

                                           Magistrate Judge Rosenbaum

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION; CLOSING CASE

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate Judge Rosenbaum, filed on September 12, 2008.  [DE-20].  On September 29, 2008, Plaintiff Mark J. Bischoff filed Objections to the Report.  [DE-21].  Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record herein, and is otherwise fully advised in the premises.

A court employs a limited standard of review over a Commissioner's findings of fact under the Social Security Act.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To affirm the Commissioner's decision, a court need only find substantial evidence to support it, which may be less than a preponderance of evidence. Id.  If a reasonable person could accept the relevant evidence as adequate to support a conclusion, then substantial evidence exists. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Plaintiff Bischoff sought review of the determination of the Administrative Law Judge (ALJ) that the Claimant is not disabled under the Social Security Act and retains residual

functional capacity to engage in sedentary work. Plaintiff and Defendant Michael J. Astrue ("Commissioner") had filed cross-motions for Summary Judgment on the issue. In her Report and Recommendation, the Magistrate Judge found there to be substantial evidence supporting the determination of the ALJ, and recommended that the Court affirm the Commissioner's decision, grant the Defendant's Motion for Summary Judgment [DE-16], and deny the Plaintiff's Motion for Summary Judgment [DE-10].

Plaintiff objects to the Report, contending that the ALJ disregarded the results of his IQ test, as the ALJ stated he found the Plaintiff was "faking." In his objection, Plaintiff argues that the ALJ "improperly substituted his opinion for that of" Dr. Coelho, the medical expert administering the IQ test. While Plaintiff points out that the ALJ cited Dr. Coelho's noting of the "extreme item endorsement" in the Minnesota Multiphasic Personality Inventory (MMPI), this was not the only reason why the ALJ disregarded the results of the IQ test. Other substantial evidence, such as the Claimant's history of skilled labor and ability to perform daily activities independently, informed the ALJ's decision. The ALJ found the IQ test results to be inconsistent with the record as a whole, a proper factor in evaluating a medical source's opinion. As the Eleventh Circuit has stated, an ALJ is not to look merely at the IQ test results, but is to also take into account the medical reports and the daily activities and behavior. Popp v. Heckler, 779 F.2d 1497, 1499 (11th Cir. 1986). Thus, the results of an IQ test may be discounted if the ALJ finds them inconsistent with other evidence. Id. at 1499-1500; see also, 20 C.F.R. § 404.1527(d) (a treating source's opinion is given controlling weight when "not inconsistent with the other substantial evidence in your case record"); § 404.1527(d)(4) ("[g]enerally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"). In addition, as the finder of fact, the ALJ was in the best position to assess the credibility of

Plaintiff, resolve conflicts in the evidence, and draw inferences.  <u>Grant v. Richardson</u>, 445 F.2d 656 (5th Cir. 1971); <u>Celebrezze v. O'Brient</u>, 323 F.2d 989 (5th Cir.1963).

Plaintiff also objects to the Magistrate's Report, arguing that the ALJ improperly minimized the impact of his neurogenic bladder on his functioning and in finding that the condition had improved.  However, as the Magistrate thoroughly explored in her Report and Recommendation, there was substantial evidence in the record to support the ALJ's findings and conclusions.

Finally, Plaintiff objects to the ALJ's discrediting of treating physicians, Dr. Kass and Dr. Sassoon.  However, as the Magistrate addressed in the Report, the ALJ can reject the opinion of a treating physician when it is not supported by the objective medical evidence of record, not consistent with the treatment records, or not consistent with other evidence.  <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997); <u>Bloodsworth</u>, 703 F.2d at 1240.

After carefully considering the objections, this Court agrees with the reasoning and analysis of the Magistrate Judge that the Plaintiff had a fair hearing and a full administrative consideration in accordance with the applicable statutes and regulations, that the ALJ was justified in reaching the decision, and that substantial evidence supports the ALJ's findings.  The Court notes that the issue is a close one in this case and perhaps if the undersigned had the case before him on a clean slate, a different outcome may have resulted.  However, it is not this Court's role to re-weigh the evidence, but rather to determine whether the record as a whole contains sufficient evidence to support the decision.  <u>Miles v. Chater</u>, 84 F.3d 1397, 1400 (11th Cir. 1996); <u>Edwards v. Sullivan</u>, 937 F.2d 580, 584 n. 3 (11th Cir. 1991); <u>Bloodsworth</u>, 703 F.2d at 1239; <u>see also</u>, 42 U.S.C.A. § 405 (g).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE-20] is hereby **ADOPTED**.

2. Plaintiff's Objections to the Report [DE-21] are hereby **OVERRULED**.

3. Plaintiff's Motion for Summary Judgment [DE-10] is **DENIED**.

4. Defendant's Motion for Summary Judgment [DE-16] is **GRANTED**.

5. The decision of the Commissioner is **AFFIRMED**.

6. All other motions are **DENIED AS MOOT**.

7. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of October, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Rosenbaum
Lyle D. Lieberman, Esq.
Ann Marie St. Peter-Griffith, AUSA